UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| M-WORKS, INC. and SINTEFEX, INC., <br><br> Plaintiffs, <br><br> v. <br><br> FEDERAL EXPRESS CORPORATION, <br><br> Defendant. | CIVIL ACTION NO._____ <br><br> 05-11432 MLW |

## ANSWER

NOW COMES the Defendant, Federal Express Corporation, by and through its attorney, and answers Plaintiff's Complaint as follows:

### INTRODUCTION

1. The statements contained in Paragraph 1 are a one-page combination of statements of fact and conclusions of law. As the statements of fact are repeated in the body of the Complaint, Federal Express ("FedEx") will answer each allegation below. The conclusions of law do not require a response, but to the extent a response is required, FedEx denies same.

### JURISDICTION AND VENUE

2. Denied. FedEx avers that the United States District Court is the proper court of jurisdiction.

## THE PARTIES

3. FedEx is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 3.

4. FedEx is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 4.

5. In response to the allegations contained in Paragraph 5, FedEx admits only that it is a Delaware corporation authorized to and doing business in the state of Massachusetts. FedEx affirmatively avers that its principal place of business is located in Memphis, Tennessee. FedEx also affirmatively avers that it is an all-cargo airline operating under authority granted by the Federal Aviation Administration.

## BACKGROUND

6. FedEx is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 6.

7. FedEx is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 7.

8. FedEx is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 8.

9. FedEx is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 9.

10. In response to the allegations contained in paragraph 10, FedEx is without knowledge as to who brought the package to a FedEx facility for shipment. In response to the second sentence of paragraph 10, FedEx records indicate that Plaintiff selected the "Priority Overnight Service", and that a value of $8,000 was declared.

11. Denied as stated. FedEx admits only that Plaintiff paid for a declared value for the shipment, but that the declared value charge was $40.00. FedEx denies that it offers or sells insurance of any type.

12. In response to the allegations contained in Paragraph 12, FedEx admits only that its records reflect that on or about May 7, 2004, subject to the terms and conditions of the contract of carriage governing the shipment which is the subject of this action, as evidenced by, inter alia, the airbill accompanying the shipment and the applicable FedEx Service Guide incorporated therein by reference, it accepted a package for shipment from Cambridge, Massachusetts to North Hollywood, California; that said package was traveling under Airbill Number 7912 3467 4668, and that the airbill identified M-Works as the shipper and Jay Frigoletto as the recipient. FedEx specifically denies that it had knowledge of the contents of the package.

13. FedEx is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 13.

14. In response to the allegations contained in Paragraph 14, FedEx admits only that the Plaintiff's filed a claim and that the claim was handled and processed in the normal course of business.

15. In response to the allegations contained in Paragraph 15, FedEx admits that the Plaintiff's claim was denied because the item shipped was determined to have been inadequately packaged. With regards to the remaining allegations, FedEx is without knowledge or information sufficient to form a belief as to their truth or accuracy.

16. FedEx admits the allegations contained in Paragraph 16.

17. FedEx is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 17.

## COUNT I: BREACH OF CONTRACT

18.     FedEx incorporates by reference its response to paragraphs 1 through 17.

19.     In response to the allegations contained in Paragraph 18, FedEx admits only that the contract of carriage consisted of the airbill and the FedEx Service Guide, incorporated by reference. FedEx admits that the Plaintiff declared a value on the package that is the subject of this lawsuit.

20.     FedEx is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 20. FedEx affirmatively avers that it does not offer insurance of any kind.

21.     In response to the allegations contained in Paragraph 21, FedEx specifically denies that it had knowledge of the contents of the package.

22.     FedEx denies the allegations contained in Paragraph 22.

23.     The allegations contained in Paragraph 23 are a conclusion of law to which no response is required. To the extent that a response is required, FedEx denies same. Further, FedEx avers that it does not sell insurance.

24.     FedEx is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 24.

## COUNT 2: BREACH OF THE IMPLIED COVENANT
## OF GOOD FAITH AND FAIR DEALING

25.     FedEx incorporates its response to paragraphs 1 through 24.

26.     The allegations contained in Paragraph 26 are a conclusion or statement of law, to which no response is required.

27. The allegations contained in Paragraph 27 are conclusions of law and legal argument, to which no response is required. To the extent a response is required, FedEx denies same.

28. FedEx is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 28.

29. In response to the allegations contained in Paragraph 29, FedEx denies that Plaintiffs purchased insurance from FedEx, as FedEx does not sell insurance.

30. In response to the allegations contained in Paragraph 30, FedEx denies that Plaintiffs purchased insurance from FedEx, as FedEx does not sell insurance.

31. In response to the allegations contained in the mis-numbered, second Paragraph 30, FedEx states that this paragraph contains conclusions of law and legal argument to which no response is required.

32. The allegations contained in Paragraph 31 are conclusions of law and fact, to which no response is required. To the extent that a response is required, FedEx denies same.

33. FedEx denies the allegations contained in Paragraph 32.

34. FedEx denies the allegations contained in Paragraph 33.

## COUNT 3: NEGLIGENCE

35. FedEx incorporates by reference its responses to paragraphs 1 through 33.

36. Denied as stated. FedEx denies that Plaintiff purchased insurance coverage, as FedEx does not sell insurance. Further, FedEx denies the allegations contained in Paragraph 35 to the extent they attempt to describe the contractual relationship between parties. FedEx's responsibilities in connection with the alleged shipment forming the basis of Plaintiff's complaint is governed by the terms and conditions of the contract of carriage as evidenced by,

inter alia, the airbill under which the shipment was traveling and the FedEx Service Guide incorporated therein by reference. The terms of the contract speak for themselves.

37. In response to the allegations contained in the first two sentences in Paragraph 36, FedEx is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations. FedEx denies the allegations regarding inspection contained in the third sentence of Paragraph 36.

38. FedEx denies the allegations contained in Paragraph 37.

39. The allegations contained in Paragraph 38 are a conclusion of law to which no response is required.

40. The allegations contained in Paragraph 39 are a conclusion of law to which no response is required. To the extent a response is required, FedEx denies same.

## COUNT 4: UNJUST ENRICHMENT

41. FedEx incorporates by reference its response to paragraphs 1 through 39.

42. FedEx denies the allegations contained in Paragraph 41 and affirmatively avers that it does not sell insurance.

## CONCLUSION

43. Paragraph 42 is a demand for judgment to which no response is required. To the extent that a response is required, FedEx denies that Plaintiff is entitled to the damages sought.

44. Paragraph 43 is a demand for judgment to which no response is required. To the extent that a response is required, FedEx denies that Plaintiff is entitled to the damages sought.

45. Paragraph 44 is a demand for judgment to which no response is required. To the extent that a response is required, FedEx denies that Plaintiff is entitled to the damages sought.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted in that it seeks damages in excess of FedEx's contractual limitation of liability.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims, if any, are barred or limited by the terms and conditions contained in the contract of carriage as evidenced by the language found on the airbill which accompanied the shipment at issue and by the terms and conditions of the applicable FedEx Service Guide incorporated therein by reference.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's state law tort claims are preempted by the federal common law applicable to federally certificated air carriers and by 49 U.S.C. §41713.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or limited by their own breach of contract, or the breach of contract of their agents, employees or representatives.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or limited by their own assumption of risk, or the assumption of risk by their agents, employees, or representatives.

### SIXTH AFFIRMATIVE DEFENSE

FedEx alleges that there may be other persons or entities who may or may not have been named and/or served in this action who are at fault with respect to the matters referred to in the

Complaint, and that such fault proximately caused the damages, if any, complained of by Plaintiff.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are or may be barred by its failure to give timely notice.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are or may be preempted by federal law, including, inter alia, the Airline Deregulation Act, 49 U.S.C. §41713.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are or may be barred by its failure to timely file this lawsuit.

July 7, 2005                    Defendant Federal Express Corporation,
                                By its attorney


                                _____
                                Rosario Mario F. Rizzo, Esq.
                                B.B.O. #421610
                                801 Main Street
                                Concord, Massachusetts 01742-3313
                                Telephone: (978) 371-2500
                                Fax: (978) 371-1352
                                E-mail: sarorizzo@aol.com

### CERTIFICATE OF SERVICE

I hereby certify that on July 7, 2005 a true copy of the foregoing Corporate Disclosure Statement Pursuant to Local Rule 7.3 of Defendant Federal Express Corporation was served by first class mail, postage pre-paid, directed to the counsel for the Plaintiffs:

Andrew D. Mazzone, Esq.
259 Sidney Street
Cambridge, MA 02139

_____
Rosario Mario F. Rizzo, Esq.