UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| M-WORKS, INC. and SINTEFEX, INC. )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>FEDERAL EXPRESS CORPORATION, )<br>)<br>Defendant. ) | CIVIL ACTION NO. 05-11432MLW |

### PLAINTIFFS' MOTION FOR REMAND AND FOR COSTS INCLUDING ATTORNEY'S FEES

Pursuant to § 1447 (c) of title 28 of the United States Code, M-Works, Inc. and Sintefex LDA., plaintiffs in the above-captioned case (the "Plaintiffs"), hereby move for an order of this Court directing that this case be remanded in full to the District Court of Cambridge, Middlesex County, Massachusetts, and further that defendant Federal Express Corporation ("Federal Express") pay Plaintiffs' costs, including attorney's fees, incurred due to improper removal.

The grounds for this Motion to Remand are summarized below and set forth more fully in the attached Memorandum of Law in Support of this Motion to Remand:

1. Plaintiffs have properly pleaded state law claims exclusively, and no federal question exists. Therefore, pursuant to the longstanding "well-pleaded complaint rule," Federal Express is not entitled to remove the matter. See Hernandez-Agosto v. Romero-Barcelo, 748 F.2d 1,2 (1st Cir. 1984) (citing Gully v. First National Bank, 299 U.S. 109, 112, 57 S.Ct. 96, 97, 81 L.Ed. 70 (1936) (courts look only to plaintiff's complaint to

determine for removal purposes whether the case presents a federal claim or right); see also Gianetti v. Mahoney Ass., 218 F.Supp. 2d 8, 2002 U.S. Dist Lexis 15852, (D. Mass 2002) (same).

  2. To the extent Federal Express' attempt to remove this case is based on a theory of preemption, such grounds for removal do not exist here. First, in general, a federal preemption defense does not transform a state law claim into a federal one. See Kingsley v. Lania, 221 F.Supp. 2d 93, 97 (D. Mass. 2002) (no removal on basis of federal defense, including defense of preemption). The specific claims at issue in the Complaint, moreover, are contract claims related to the Federal Express "airbill," which is a self-imposed private contractual obligation of the defendant; such claims are not subject to any regulatory or statutory regime and are not pre-empted by any federal statute or law; therefore, removal is invalid. See American Airlines, Inc. v. Wolens, 513 U.S. 219, 130 L.Ed. 2d 715, 115 S. Ct. 817 (1995) (contract claims based on the written undertaking of an air carrier are *not* preempted; case remanded). Finally, complete preemption is not applicable here. See Caterpillar Inc. v. Williams, 482 U.S. 386, 107 S. Ct. 2425, 96 L.Ed. 2d 318 (1987) (setting forth "complete pre-emption" exception to the "well-pleaded complaint rule" and noting how rarely exception is applied); American Airlines, Inc., 513 U.S. at ___; Casey v. Goulian, 273 F. Supp. 2d 136; __(D. Mass. 2003) (same).

  3. Contrary to the defendant's removal notice, the Plaintiffs' claims are not governed by federal common law. The Supreme Court has expressly rejected the possibility of a federal common law cause of action against air carriers, at least in regard to breach of contract claims. See American Airlines, Inc., 513 U.S.at 825.

2

As further grounds for this motion, the Plaintiffs submit the enclosed Memorandum Of Law, pursuant to Local Rule 7.1 (b)(1).

WHEREFORE, the Plaintiffs, M-Works, Inc. and Sintefex LDA, respectfully request that this Court allow the Plaintiffs' Motion To Remand, and enter an order remanding this action to the District Court of Cambridge, Middlesex County, Massachusetts. The Plaintiffs also request that the Court order the Defendant to pay the costs caused by this improper removal, including attorney's fees.

Respectfully submitted,

**Plaintiffs, M-Works, Inc. and Sintefex LDA**

By their attorney,

Andrew D. Mazzone
Andrew D. Mazzone
BBO # 659930
259 Sidney Street
Cambridge, Ma. 02139
(617) 413 2570

Certificate of Service

I hereby certify that I have served this Motion to Remand and the accompanying Memorandum of Law upon opposing counsel of record this day, August 6, 2005, by United States mail.

3