UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| M-WORKS, INC. and SINTEFEX, INC.   )<br>                                   )<br>    Plaintiffs,                   )<br>                                   )<br> v.                                )     CIVIL ACTION NO. 05-11432MLW<br>                                   )<br> FEDERAL EXPRESS CORPORATION,      )<br>                                   )<br>    Defendant.                     )  | |

**MEMORANDUM IN SUPPORT OF THE PLAINTIFFS'**
**MOTION TO REMAND**

M-Works, Inc. and Sintefex LDA. (collectively, the "Plaintiffs"), submit this Memorandum in support of their Motion To Remand the above captioned action to the District Court of Cambridge, Middlesex County, Massachusetts.

**Preliminary Statement**

On June 23, 2005 the Plaintiffs filed a complaint (the "Complaint") bringing exclusively state law claims for breach of contract, negligence, breach of the covenant of good faith and fair dealing, and unjust enrichment. On July 6, 2005, the defendant removed the case to this Court, asserting as a basis for removal that this Court has federal question jurisdiction over the claims, and, alternatively, that federal common law controls the claims. The defendant's assertions are without merit. No federal question is implicated on the face of the Complaint and no federal statute preempts the Plaintiffs'

1

state law claims. The Plaintiffs therefore have filed a Motion To Remand, and also submit this Memorandum Of Law.

### Argument

**I. The Burden of Establishing Removal Jurisdiction is On The Party Seeking Removal, Not the Party Seeking To Remand**

Federal Express has the burden of proving that the removal of this action to federal court is proper. See Kingsley v. Lania, 221 F.Supp. 2d 93 (D. Mass. 2002) (upon a motion to remand, burden is on removing party to show that federal subject matter jurisdiction exists). Removal statutes should be strictly construed against removal and doubts resolved in favor of remand. See id. Federal Express cannot meet its burden.

**II. Under The Well-Pleaded Complaint Rule, There Is No Federal Question And Plaintiffs Claims Belong In State Court as Pled**

As grounds for the removal, the Defendant wrongly asserts that the United States District Courts have original jurisdiction over the Plaintiffs' claims by reason of federal question jurisdiction pursuant to 28 USC. § 1331. Plaintiffs have properly pled state claims only, and no federal cause of action can be inferred from the face of the Complaint.

The presence or absence of federal question jurisdiction that will support removal is governed by the long-settled "well-pleaded complaint rule," which states that federal jurisdiction exists only when a federal question is presented on the face of the properly pleaded complaint. See Caterpillar, Inc. v. Williams, 482 U.S. 386, 391-92 (1987); Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63, 64, 107 S. Ct. 1542, 1546-47

2

(1987); Hernandez-Agosto v. Romero-Barcelo, 748 F.2d 1, 2 (1st Cir. 1984); Kingsley, 221 F.Supp. at 97. The well-pleaded complaint rule states that the plaintiff is the "master of the claim," such that he or she may avoid federal jurisdiction by exclusive reliance on state law in the complaint. See Caterpillar, Inc., 482 U.S. at 392. The instant well-pleaded Complaint does not raise any claim, express or implied, that "arises" under federal law. Therefore, this Court lacks original federal question jurisdiction under 28 U.S.C. §1331.

## II. **Plaintiffs Claims Are Not Completely Preempted By Federal Law And Cannot Be Removed On the Basis of A Preemption Defense**

The Plaintiffs' exclusively state law claims are not "completely" preempted by any federal area of law or statute, and therefore the "complete pre-emption" exception to the well-pleaded Complaint rule is inapplicable.

### A. Congress Did Not Preempt All State Law Claims Against Air Carriers.

In order to determine whether complete preemption exists, the court must find that Congress intended federal law to occupy the whole of a regulatory field including any actions in that field filed in state court. See Kingsley, 221 F.Supp. at 100 (Congress must have intended that "federal judicial power properly extends to actions originally filed in state courts to the extent that they touch upon that field, without offending principles of federalism."); see Caterpillar, Inc. v. Williams, 482 U.S. at 393; Metropolitan Life Ins. Co., 481 U.S. at 47; BIW Deceived v. Local S6, Indus. Union of Marine & Shipbuilding Workers of Am., IAMAW District Lodge 4, 132 F. 3d 824, 833-34 (1st Cir. 1997).[1]

---

[1] "In complete preemption a federal court finds that Congress desired to control the adjudication of the federal cause of action to such an extent that it did not just provide a

3

With respect to airline regulation, the field of federal law applicable here, the Supreme Court has specifically held that Congress did not intend, in drafting airline regulations, to preempt the field of airline regulation so completely that a routine state law breach of contract action would be converted in to a federal cause of action. See American Airlines, Inc. v. Wolens, 513 U.S. 219, 130 L.Ed. 2d 715, 115 S. Ct. 817 (1995). Courts in the First Circuit, following Wolens, have also held that the doctrine of complete preemption is inapplicable to a well-pleaded complaint alleging state law claims against an air carrier, and have ordered remand. See The Skydive Factory, Inc., v. Maine Aviation Corp., 268 F.Supp. 2d 61, (D. Maine 2003); Casey v. Goulian, 273 F. Supp. 2d 136 (D. Mass. 2003). Other district and circuit courts that have considered the issue, in particular as against defendant Federal Express, agree and remand such cases to state court. See Musson Theatrical, Inc. v. Fed. Express Corp., 89 F.3d 1244, 1253 (6th Cir.1996) (no evidence that Congress intended federal courts to have exclusive subject matter jurisdiction state law claims against air carriers); Greer v. Fed. Express Corp., 66 F.Supp.2d 870, 874 (W.D. Ky. 1999) ( plaintiff's state common law claims for breach of contract by Federal Express were not completely preempted and remanding claims to state court); Strategic Assets, Inc. v. Fed. Express Corp., 190 F.Supp.2d 1065, 1071-1072 (M.D. Tenn. 2001) (same); Roberts Distrib., Inc. v. Fed. Express Corp., 917 F.Supp. 630, 640 (S.D. Ind. 1996) (breach of shipping agreement action against Federal Express did not present a federal question); Litchfield v. United Parcel Serv., 136

---

defense to the application of state law; rather, it replaced state law with federal law and made it clear that the defendant has the ability to seek adjudication of the federal claim in a federal forum." Wright, Miller & Cooper, 14B Federal Practice & Procedure § 3722.1 at 512 (3d ed. 1998).

4

F.Supp.2d 756, 761-762 (S.D. Oh. 2000) (remanding plaintiff's state law claims for failure to deliver package).[2]

### B. Federal Preemption Defenses Do Not Provide A Basis For Removal

Since complete preemption does not apply, any other theories of preemption advanced by the defendant to support removal to federal court are only defenses to the Plaintiffs' state law claims. It is well-settled law that a case may not be removed to federal court on the basis of a federal defense, including the defense of preemption. Metropolitan Life Ins. Co., 481 U.S. at 58 ("Federal preemption . . .[a]s a defense . . .does not appear on the face of the well-pleaded complaint, and, therefore, does not authorize removal to federal court."); The Skydive Factory, Inc., 268 F.Supp. 2d 61 at 66; Kingsley, 221 F.Supp. 2d. at 97; Casey, 273 F. Supp.2d 136, at 137. Because the Complaint is well-pleaded, and the field of airline regulation is not completely preempted by a federal statute, the defendant can assert preemption only as a defense in state court to the state law claims, and not as a basis for removal.

### III. The Plaintiffs's Claims Are Not Governed Or Preempted By Federal Common Law

---

[2] The Supreme Court rarely finds that Congress intended to create a statute with such dominant preemptive force. See Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, at 63-64 (only in exceptional circumstances will courts find that Congress intended to preempt a field of law completely by federal statute). Congress' intent to transfer jurisdiction to federal courts must be clearly manifested or there is no basis for invoking federal jurisdiction over state law claims. See Franchise Tax Board of Cal. v. Construction Laborers Vacation Trust for Southern Cal., 463 U.S. 1 (1983); Metropolitan, 481 U.S. at 65; Malone v. White Motor Corp., 435 U.S. 497, 504, 98 S. Ct. 1185, 1189-90, (1978); Voorhees v. Naper Aero Club Inc., 272 F.3d 398 (7th Cir. 2001) ("[t]here are only two areas in which the Supreme Court has found that Congress intended completely to replace state law with federal law for purposes of federal jurisdiction: the first is in the field of federal labor law and the second is in the area of federal pension law.").

5

A. <u>The Plaintiffs' Claim Is Based On Defendant's Self-Imposed Contractual Terms And, As Such, Is Not Preempted.</u>

The Plaintiffs' breach of contract claim is based on the Federal Express airbill contract (the "airbill") voluntarily entered into by the defendant. Complaint, at 6. The terms of the airbill create what the <u>Wolens</u> court characterized as "self-imposed contractual undertakings." See <u>American Airlines, Inc. v. Wolens</u>, 513 U.S. at 825. The Court expressly rejected the existence of a federal common law cause of action against air carriers in regard to breach of contract claims. See <u>id.</u> at 825 ("nor is it plausible that Congress meant to channel into federal courts the business of resolving, pursuant to judicially fashioned federal common law, the range of contract claims relating to airlines rates, routes, or services.").

As already shown, district courts in the First Circuit follow <u>Wolens</u>. "This holding [that contract claims based on the written undertaking of an air carrier are not preempted] has been consistently upheld where the plaintiff asserted that the carrier breached a self-imposed contractual undertaking." <u>Kingsley</u>, 221 F.Supp. 2d at 104; see, <u>Chukwu v. Board of Directors</u>, 880 F. Supp. 891 (D. Mass. 1995).

B. <u>The Defendant's Removal Notice Cites No Relevant Authority To Show That Federal Common Law Governs The Claims.</u>

The cases cited by the defendant in its removal notice, in support of the assertion that federal common law governs the claims against it, are either easily distinguished from or irrelevant to the present case. In two cases cited by the defendant, the plaintiffs brought the action in federal court, and removal was not even an issue. See <u>Diero v. American Airlines, Inc.</u>, 816 F.2d 1360 (9th Cir. 1987); <u>First Pennsylvania Bank, N.A., v. Eastern Airlines, Inc.</u>, 731 F.2d. 1113 (3d Cir. 1984). In a third case cited by the

defendant, the plaintiff did not contest removal, making it unnecessary for the court to rule on preemption by federal common law. Sam L. Majors Jewelers v. ABX Inc., 117 F.3d 922 (5th Cir. 1997). Defendant's reliance on these cases is misplaced; Federal Express has failed to show that federal common law governs or preempts the claims.

### Conclusion

For the reasons set forth in the Plaintiffs' Motion to Remand and this Memorandum of Law, Plaintiffs respectfully request that this matter be remanded to the District Court of Cambridge, Middlesex County, Massachusetts, and that the defendant Federal Express pay all costs and fees related to its improper removal, including attorneys' fees.

Respectfully submitted,

**Plaintiffs, M-Works, Inc. and Sintefex LDA**

By their attorney,

*/s/ Andrew D. Mazzone*
**Andrew D. Mazzone**
Andrew D. Mazzone, BBO # 659930
259 Sidney Street
Cambridge, Ma. 02139
(617) 413 2570

### Certificate of Service

I hereby certify that I have served this Motion to Remand and the accompanying Memorandum of Law upon opposing counsel of record this day, August 6, 2005, by United States mail.

*/s/ Andrew M. Mazzone*