UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

M-WORKS, INC. and SINTEFEX, INC., )
    Plaintiffs, )
                                                  )    CIVIL ACTION NO. 05-11432MLW
v. )
                                                  )
FEDERAL EXPRESS CORPORATION, )
    Defendant. )

## MOTION TO EXTEND TIME TO FILE
## OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

Now comes the defendant Federal Express Corporation and moves that the Court extend the time allotted to file its opposition to the plaintiff's motion for remand to August 26, 2005. The reason for this extension is that defendant's counsel was out of the country from August 8 2005 to August 18, 2005. Counsel for the plaintiff agreed to this extension in a letter dated August 10, 2005, a copy of which he sent to Judge Wolf.

August 25, 2005

With the assent of
The Plaintiffs' attorney

Defendant Federal Express Corporation,
By its attorney

/s/
Andrew D. Mazzone, Esq.
B.B.O. # 659930
259 Sidney Street
Cambridge, MA 02139
Telephone: (617) 413-2570
Fax: (617) 497-4205
E-mail: andrewmazzone2003@yahoo.com

/s/
Rosario Mario F. Rizzo, Esq.
B.B.O. #421610
801 Main Street
Concord, Massachusetts 01742-3313
Telephone: (978) 371-2500
Fax: (978) 371-1352
E-mail: sarorizzo@aol.com

2

## CERTIFICATE OF SERVICE

I hereby certify that on August 25, 2005 a true copy of the foregoing Motion to Extend Time to File Opposition to Plaintiff's Motion to Remand was served by first class mail, postage pre-paid, directed to the counsel for the Plaintiffs:

>Andrew D. Mazzone, Esq.
>259 Sidney Street
>Cambridge, MA 02139

/s/
Rosario Mario F. Rizzo, Esq.

CIVIL ACTION NO. 05-11432MLW

# EXHIBIT 1

*1998 U.S. App. LEXIS 17791, \**

**SVT** CORPORATION, Plaintiff-Appellant, v. **FEDERAL EXPRESS** CORPORATION, Defendant-Appellee.

No. 97-16233

UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

1998 U.S. App. LEXIS 17791

April 17, 1998, Submitted \*\*, San Francisco, California

\*\* The panel finds this case appropriate for submission without argument pursuant to 9th Cir. R. 34-4 and Fed. R. App. P. 34(a).
July 31, 1998, Filed

**NOTICE:** [\*1] RULES OF THE NINTH CIRCUIT COURT OF APPEALS MAY LIMIT CITATION TO UNPUBLISHED OPINIONS. PLEASE REFER TO THE RULES OF THE UNITED STATES COURT OF APPEALS FOR THIS CIRCUIT.

**SUBSEQUENT HISTORY:** Reported in Table Case Format at: 1998 U.S. App. LEXIS 28865.

**PRIOR HISTORY:** Appeal from the United States District Court for the Northern District of California. DC No. CV-94-03057-MHP. Marilyn H. Patel, District Judge, Presiding.

**DISPOSITION:** AFFIRMED.

## CASE SUMMARY

**PROCEDURAL POSTURE:** Appellant shipper challenged an order of the United States District Court for the Northern District of California, which granted summary judgment for appellee carrier in appellant's state action for breach of contract and conversion after appellee delivered appellant's package and collected a postdated check, which was later dishonored. Appellant contended that the federal court lacked jurisdiction and applied federal common law incorrectly.

**OVERVIEW:** Appellant shipper entered into a contract to ship its computer chips with appellee carrier by air. Appellee delivered the shipment and collected a postdated check from the buyer. Appellant was subsequently unable to collect on the check. Appellant filed a state action for breach of contract and conversion against appellee that was removed to the federal court. The trial court granted summary judgment in favor of appellee and appellant challenged the ruling. Appellant contended that the trial court lacked subject matter jurisdiction because of the amount in controversy and there was no federal question. Appellant also contended that the trial court improperly applied federal common law by concluding that it's claims were barred by the limitations contained in appellee's airbill. The court affirmed and held that actions against air carriers fell under federal common law and therefore the trial court had proper jurisdiction. The court also held that federal common law did not treat the check as either a promissory note or a blank check, and the collection of the postdated check was proper under the terms of the contract between the parties.

**OUTCOME:** The court affirmed an order that granted summary judgment in favor of appellee carrier in appellant shipper's state action for breach of contract and conversion after appellee delivered appellant's package and collected a check that was later dishonored because federal common law applied to appellant's claims and the trial court had subject matter jurisdiction and the collection of a postdated check was proper under the contract.

**CORE TERMS:** federal common law, air carrier, route, airline, material deviation, preemption clause, air carriers, shipper, tariff, lacked subject matter jurisdiction, subject matter jurisdiction, federal question, summary judgment, postdated check, preempted, carrier, airbill, package

### LexisNexis(R) Headnotes ♦ Hide Headnotes

Civil Procedure > State & Federal Interrelationships > Federal Common Law
**HN1** A negligence action against an air carrier is governed by federal common law. More Like This Headnote | *Shepardize:* Restrict By Headnote

Civil Procedure > State & Federal Interrelationships > Federal Common Law
**HN2** Federal common law causes of action remain viable in situations necessary to protect uniquely federal interests. More Like This Headnote

Transportation Law > Interstate Commerce > Federal Preemption
**HN3** 49 U.S.C.S. § 41713(b)(1), provides that a state may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of an air carrier. More Like This Headnote

Transportation Law > Carrier Duties & Liabilities
**HN4** Cal. Civ. Code § 2175, provides that a common carrier cannot be exonerated, by any agreement made in anticipation thereof, from liability for the gross negligence, fraud, or willful wrong of himself or his servants. More Like This Headnote

**COUNSEL:** For SVT CORPORATION, Plaintiff - Appellant: A. Charles Dell 'Ario, Esq., A Professional Corporation, Oakland, CA.

For FEDERAL EXPRESS CORPORATION, Defendant - Appellee: David R. Shane, Esq., SHANE & TAITZ, San Francisco, CA.

**JUDGES:** Before: SNEED, and TROTT, Circuit Judges, and WALLACH, *** Judge.

*** Honorable Evan J. Wallach, Judge of the United States Court of International Trade, sitting by designation.

**OPINION:** MEMORANDUM *

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.

- - - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - - [*2]

SVT, a Corporation, appeals the district court's grant of summary judgment in favor of Federal Express Corporation. SVT contends that the district court lacked subject matter jurisdiction because the amount in controversy was less than $ 50,000 and there was no federal question raised. In the alternative, SVT claims that if the district court properly exercised jurisdiction, it applied federal common law incorrectly when it concluded that SVT's claims were barred by Federal Express's limitations of liability contained in its airbill. Finally, SVT claims that the district court erred in determining that SVT's contract claims for rescission and restitution based on Federal Express's "material deviation" from the terms of the contract were preempted by the ADA. For the reasons that follow, we affirm the district court.

I.

FACTS

Federal Express is a certificated, all cargo air carrier operating under authority granted by the Federal Aviation Administration. On April 12, 1994, SVT and Federal Express entered into a contract by which Federal Express agreed to transport certain computer chips with a value of $ 43,440 from SVT's offices in San Jose, California, to a business entity [*3] in Rancho Cordova, California. SVT shipped the package using Federal Express's collect-on-delivery (C.O.D.) service. SVT did not declare a higher value on the C.O.D. airbill. The package was delivered to its destination and the Federal Express courier collected a check in the amount of $ 43,591, the amount specified by SVT which included the $ 151 shipping charge. The check was marked by a stamp which said "POST DATED CHECK NOT VALID BEFORE THIS DATE." The check was dated May 13, 1994. SVT was unable to collect on the check.

SVT sued Federal Express in state court alleging breach of contract and conversion. Following removal to federal court, the district judge granted Federal Express's motion for summary judgment on both claims. SVT timely appeals.

II.

SUBJECT MATTER JURISDICTION UNDER FEDERAL COMMON LAW

SVT contends that because the district court lacked subject matter jurisdiction over its claims, its case must be remanded to the originating state court. Federal Express argues in response that the district court had jurisdiction pursuant to federal common law.

Because SVT's action seeks recovery for lost property against an interstate air carrier, its claims arise under [*4] federal common law. We therefore hold that federal question jurisdiction exists in this case. In so holding, we are guided by Sam L. Majors Jewelers v. ABX, Inc., 117 F.3d 922, 928-29 (5th Cir. 1997), which held that [HN1] a negligence action against an air carrier was governed by federal common law. Although the court in Musson Theatrical, Inc. v. Federal Express Corp., 89 F.3d 1244, 1252 (6th Cir. 1996) declined to recognize a federal common law action for fraud against an air carrier, it recognized that there were instances in which "federal common law rules . . . govern certain aspects of the relationship between shippers and air carriers." Id. at 1249. n1

- - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n1 The court noted that one such federal common law rule, the "released valuation doctrine," permits air carriers to limit by contract their liability for losses stemming from negligence. See Musson Theatrical, Inc., 89 F.3d at 1249.

- - - - - - - - - - - - End Footnotes - - - - - - - - - - - - - -

The existence of this federal common law was recognized [*5] in Banco Nacional de Cuba v. Sabbatino, 376 U.S. 398, 426, 11 L. Ed. 2d 804, 84 S. Ct. 923 (1964), where the Supreme Court stated that $^{HN2}$federal common law causes of action remain viable in situations "necessary to protect uniquely federal interests." As Musson Theatrical, Inc. forcefully pointed out, there is a tension between the desire to remain faithful to the spirit of Erie Railroad v. Tompkins, 304 U.S. 64, 82 L. Ed. 1188, 58 S. Ct. 817 (1938), which sought to severely limit the federal common law, thereby strengthening federalism, and the powerful forces repeatedly seeking and obtaining national solutions to issues common to each of the states of the Union. See Musson Theatrical, Inc., 89 F.3d 1244 at 1250-51.

The Supreme Court in American Airlines, Inc. v. Wolens, 513 U.S. 219, 130 L. Ed. 2d 715, 115 S. Ct. 817 (1995), confronted this tension in the form of the commands of the ADA and the universally recognized power of the state courts to resolve ordinary contract disputes. The Court's resolution of this tension is as follows:

The ADA's preemption clause . . . read together with the FAA's saving [*6] clause, stops States from imposing their own substantive standards with respect to rates, routes, or services, but not from affording relief to a party who claims and proves that an airline dishonored a term the airline itself stipulated.

513 U.S. at 232-33. In the application of this holding, the emphasis must be placed on the ADA's preemptive force because the ADA provides:

$HN3$
[A] State . . . may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of an air carrier. . . .

49 U.S.C. § 41713(b)(1).

In Wolens the Supreme Court stated as dicta that it was not "plausible that Congress meant to channel into federal courts the business of resolving, pursuant to judicially fashioned federal common law, the range of contract claims relating to airline rates, routes, or services. In enacting the ADA, however, Congress included a savings clause specifically preserving federal common law actions. See 49 U.S.C. App. § 1506. n2 Accordingly, we do not believe the Court intended its holding in Wolens to disallow a federal [*7] common law cause of action against an air carrier for recovery of lost goods. See Sam L. Majors Jewelers, 117 F.3d at 929 n.15. We thus hold that the district court had subject matter jurisdiction over SVT's claims.

4

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - - -

n2 This statutory provision is now located at 49 U.S.C. § 40120(c).

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

III.

"MATERIAL DEVIATION" DID NOT OCCUR

SVT insists that this circuit has recognized in Coughlin v. Trans World Airlines, Inc., 847 F.2d 1432 (9th Cir. 1988) (per curiam), the so called "material deviation" doctrine as a part of the federal common law. In Coughlin the carrier's material breach of its tariff agreement precluded its right to insist upon the tariff agreement's limitations of liability. See id. at 1434. No such breach on the part of Federal Express Corporation occurred in this case. Federal Express undertook to collect a check in a certain amount. It performed its obligation. The record reveals no special agreement that the [*8] check not be postdated.

We decline to introduce into the federal common law governing air carriage contracts a refinement that would treat a postdated check as either a promissory note or a blank check. The Federal Express Airbill and Service Guide do not require such treatment.

We hold that the collection of a postdated check under the facts of this case was proper under the terms of the contract between the shipper and the carrier.

IV.

CALIFORNIA CIVIL CODE § 2175

Section 2175 of the California Civil Code clearly is preempted by the ADA. Section 2175 reads:
HN4

A common carrier cannot be exonerated, by any agreement made in anticipation thereof, from liability for the gross negligence, fraud, or willful wrong of himself or his servants.

Cal. Civ. Code § 2175 (West 1997). If given effect in this case, the California law would impose its substantive standards on the prices, routes, or services of an air carrier -- a result clearly prohibited by the ADA's preemption clause. See Wolens, 513 U.S. at 232-33.

AFFIRMED.

5