UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

M-WORKS, INC. and SINTEFEX, INC., )
    Plaintiffs, )
                                   )        CIVIL ACTION NO. 05-11432MLW
v.                                     )
                                   )
FEDERAL EXPRESS CORPORATION, )
    Defendant. )

## MEMORANDUM OF LAW IN OPPOSITION TO
## PLAINTIFF'S MOTION TO REMAND

Federal Express Corporation ("FedEx") respectfully submits this memorandum in response to the "Plaintiff's Motion for Remand and for Costs Including Attorney's Fees".

### I. STATEMENT OF FACTS

In March 2004, Plaintiff shipped a machine known as the Sintefex FX-8000 from Cambridge, Massachusetts to a potential purchaser in Los Angeles, California[1]. Plaintiff contracted with Defendant FedEx Express, an all-cargo airline, to transport the shipment. During the shipment, the FX-8000 was damaged. Plaintiff filed a claim and FedEx denied the claim based on inadequate packaging of the machinery. Plaintiff then filed suit against FedEx in the District Court of Massachusetts, Cambridge Division, alleging breach of contract, breach of the implied covenant of good faith and fair dealing, negligence, and unjust enrichment. FedEx removed the case to this federal court based on federal question jurisdiction. Plaintiff then filed a motion to remand the case back to state court.

---

[1] See Plaintiff's Complaint.

## II. ARGUMENT

### A. Plaintiffs' Claims Arise Under Federal Common Law

Plaintiff argues that their claims are not preempted or governed by federal common law, and thus this case cannot be removed to federal court pursuant to 28 U.S.C. 1331. Plaintiff also inaccurately states that FedEx "has cited no relevant authority that federal common law governs this claim." FedEx removed this case because shipments lost or damaged by air cargo carriers **are** governed by federal common law. *Sam L. Majors Jewelers v. ABX*, 117 F. 3d 922 (5th Cir. 1997). Federal jurisdiction exists if the claims in a case arise under federal common law. *Illinois v. City of Milwaukee*, 406 U.S. 91, 100, 92 S. Ct. 1385, 1391, L. ed. 2d 712 (1972). To understand why federal question jurisdiction exists, an explanation of the legal background of air cargo shipments is necessary.

Historically, federal law has governed claims for loss of cargo. The federal common law that governs air cargo shipments is rooted deep in the history of transportation law, predating even the formation of the Republic. *See Munn v. Illinois*, 94 U.S. 113, 125 (1876) ("it has been customary in England from time immemorial, and in this country from its first colonization to regulate . . . common carriers . . . ."). In its infancy, the air carrier industry was governed by federal common law principles derived from those governing railroads. *First Pennsylvania Bank, N.A. v. Eastern Airlines, Inc.*, 731 F.2d 1113, 1117-18 (3d Cir. 1984).

In 1938 Congress enacted the Civil Aeronautics Act, 52 Stat. 973, which, for the first time, subjected air carriers to statutory regulation. This act was intended to promote the development of an air transportation system "adapted to the present and future needs of the foreign and domestic commerce of the United States . . . ." 52 Stat. 980. In enacting the CAA,

Congress once again looked to statutes governing railroads for guidance. *First Pennsylvania*, 731 F.2d at 1117.

In 1958 a more comprehensive regulatory scheme was implemented by the Federal Aviation Act, 72 Stat. 731. However, at no time did either act abrogate the relevant federal common law. Both the CAA and the FAA contained savings clauses preserving remedies "now existing at common law or by statute . . . ." Courts have held that these savings clauses, previously found at 49 U.S.C. App. § 1506, "expressly incorporated the entire federal common law applicable to carriers". *First Pennsylvania*, 731 F.2d at 1117, quoting *Klicker v. Northwest Airlines, Inc.*, 563 F.2d 1310, 1314 (9th Cir. 1977).

In the late 1970's Congress began to deregulate air carriers, in part seeking the "encouragement and development of an expedited all-cargo air service system . . ." *Federal Express v. California P.U.C.*, 936 F.2d 1075, 1079 (9th Cir. 1991), *cert. denied*, 112 S. Ct. 2956 (1992) (quoting from 49 U.S.C. App. § 1302(b)(1)). Even as it was working to dismantle regulation, the Civil Aeronautics Board expressly acknowledged the holding of the Ninth Circuit in *Klicker* and affirmed its "expectation that the courts will apply federal common law rules to the carriers' liability and claims practices." <u>Liability & Claim Rules and Practices</u>, 77 C.A.B. 763, 766 (July 21, 1978).

Deregulation of air carriers culminated in 1978 with the passage of the Airline Deregulation Act, 49 U.S.C. App. § 1301 *et seq.* The ADA was intended to promote efficient and competitive air carrier service by the elimination of most domestic economic regulations governing air carriers. *Morales v. Trans World Airlines, Inc.*, 119 L. Ed. 2d 157 (1992). However, to ensure that states would not attempt to fill the void left by deregulation with their own regulations, the ADA contained a section expressly preempting any state laws relating to the

rates, routes or services of air carriers. 49 U.S.C. § 41713(b)(4)(A). Like the CAA and the FAA, the ADA contained a savings clause. 49 U.S.C. § 40120(c).

Dozens of decisions, many of which are discussed in this memorandum, have repeatedly held that following even in the face of deregulation, federal common law continues to govern the rights and liabilities of air carriers for cargo. Thus, a consistent theme can be seen throughout the entire history of the aviation industry, including the period after deregulation. Congress and the courts have consistently expressed a federal interest in the growth and maintenance of air carriers, and in nationally uniform rules of liability for shipments they carry. Through savings clauses, Congress has ensured that federal common law would continue to govern the liability of cargo air carriers.

### B. Case Law Overwhelming Supports Removal

The seminal case regarding the removal to federal court of lawsuits regarding air cargo shipments is *Sam L. Majors Jewelers v. ABX, Inc.*, 117 F.3d 922 (5th Cir. 1997). In the case, the Fifth Circuit Court of Appeals ruled that federal law continues to govern the liability of air carriers for losses suffered in connection with the transportation of cargo. The opinion in *Sam L. Majors Jewelers* thoroughly analyzed the issue of removing cases to federal court that involve interstate shipment of cargo by air and is by far the best treatment of the subject. (Even though Plaintiff argues that *Majors* is easily distinguishable because the plaintiff in that case did not contest removal, the Fifth Circuit began its analysis by stating, "[b]efore reaching the merits, we must decide whether we have jurisdiction to resolve this case.") *Id.* at 924. The Fifth Circuit analyzed the issue thus:

> The Supreme Court has recognized that '[i]t is a well-established principle of statutory construction that [t]he [federal] common law . . . ought not to be deemed to be repealed, unless language of a statute be clear and explicit for this purpose.' [Citation omitted.] When Congress has expressly preserved a remedy arising

4

under federal common law our mandate is even more clear, and only by continuing to recognize the cause of action may we effectuate congressional intent. [Citation omitted.] When deregulating the airlines under the ADA, not only did Congress chose not to repeal federal common law in 'clear' and 'explicit' language, it chose the opposite course: the ADA includes an express provision preserving common law remedies. In enacting the ADA, Congress included a savings clause that provided:

> Nothing in this chapter shall in any way abridge or alter the remedies now existing at common law or by statute, but the provisions of this Chapter are in addition to such remedies.

49 U.S.C. App. § 1506.[2]

This savings clause had the effect of preserving the clearly established federal common law cause of action against air carriers for lost shipments. Although it has been argued that because the airline industry has been substantially deregulated, the rationale for applying a federal common law cause of action no longer exists, Congress has foreclosed this argument by including a provision in the ADA preserving federal common law actions. Therefore, a federal cause of action continues to survive for freight claims against air carriers.

See *Sam L. Majors Jewelers*, at 117 F.3d at 928-929.

The Fifth Circuit went on to point out that they were not the first circuit to reach this conclusion, as the Third Circuit reached the same conclusion in *First Pennsylvania Bank v. Eastern Airlines*, 731 F. 2d 1113 (3rd Cir. 1984). See *Majors* at 929.

In *Nippon Fire & Marine Ins. Co. v. Skyway Freight Sys.*, 235 F.3d 53 (2nd Cir. 2000), the Second Circuit Court of Appeals decided to follow the rationale of *Majors* and held that "federal common law continues to control the issue of liability of air carriers for lost or damaged shipments even after deregulation." In a note, the court further stated "since we conclude that this case arises under federal common law, federal jurisdiction over this case is properly based on 28 U.S.C. § 1331 which 'supports claims founded upon federal common law as well as those of a statutory origin.'" Citing *Sam L. Majors* at 926. See *Nippon Fire & Marine Ins. Co.* at 59.

---

[2] This provision was re-enacted without substantive change as 49 U.S.C. § 40120(c).

The Ninth Circuit in *SVT Corp. v. Federal Express Corp.*, No. 97-16233, United States Court of Appeals for the Ninth Circuit, 1998 U.S. App. LEXIS 17791, April 17, 1998,[3] reached a similar conclusion. In *SVT*, the plaintiff sued FedEx for breach of contract and conversion in connection with the loss of a package. FedEx removed the case to federal court. The plaintiff argued that the court lacked subject matter jurisdiction. The court disagreed, stating:

> Because SVT's action seeks recovery for lost property against an interstate air carrier, its claims arise under federal common law. We therefore hold that federal question jurisdiction exists in this case. At 3.

The Ninth Circuit also addressed the language in *American Airlines v. Wolens, supra*, which Plaintiff is relying on, by stating: "Accordingly, we do not believe the Court intended its holding in *Wolens* to disallow a federal common law cause of action against an air carrier for recovery of lost goods". The Ninth Circuit bolstered this position further in *Read-Rite v. Burlington Air Express*, 186 F. 3d 1190, 1195 (9th Cir. 1999), by stating "[w]e have previously held that federal common law applies to the carriage contract of an air carrier, holding that the "deregulation of air carriers in 1978 did not change the applicability or substantive content of the relevant federal common law." citing *Deiro v. American Airlines*, 816 F. 3d 1360, 1364 (9th Cir. 1987).

Most district courts that have considered the issue have consistently held that the federal common law applicable to federally certificated air carriers provides a basis for removal on federal question grounds. *Angela Cummings, Inc. v. Purolator Courier Corp.*, 670 F.Supp. 92 (S.D.N.Y. 1987), involved a suit against an air carrier for breach of contract and conversion. As in the instant case the air carrier removed the case on the basis of federal question jurisdiction. *Id.* The court ruled that "plaintiff may not defeat removal by disguising a federal question as a state cause of action." *Id.* In the present case, Plaintiff may not disguise a federal question as a

---

[3] Copy attached as Exhibit 1

6

state cause of action. Finally, the court held that federal common law governs an air carrier's liability for cargo it carries, and that "§1331 confers original jurisdiction upon this court." *Id.* at 94.

### C. Plaintiff Cannot Escape the Fact That This Lawsuit Involves An Air Cargo Shipment

Plaintiff correctly quotes from *American Airlines v. Wolens*, supra at 825, a passage that reads, "nor is it plausible that Congress meant to channel into federal courts the business of resolving, pursuant to judicially fashioned federal common law, the range of contract claims relating to airlines rates, routes and services." The problem for Plaintiff is that *Wolens* concerned two class actions involving airline frequent flyer programs, not an air cargo shipment. The Airline Deregulation Act covers a broad spectrum of issues, and air cargo shipments are just a small subset of that universe covered by the ADA. As demonstrated by the Circuit Court decisions cited above, lawsuits involving air cargo shipments are governed by federal common law and are removable to federal court.

Plaintiff cites cases such as *Kingsley v. Lania*, 221 F.Supp. 2d 93 (D. Mass. 2002), and *The Skydive Factory, Inc. v. Maine Aviation Corp.*, 268 F.Supp. 2d 61 (D. Maine 2003), to support its position that the ADA as interpreted by *Wolens* does not permit removal to federal court. The problem with these cases is that they do not involve air cargo shipments and are thus inapplicable to the issues in this case. *Musson Theatrical v. Federal Express*, 89 F.3d 1244 (6th Cir. 1996), is also cited by the Plaintiff for the proposition that remand is appropriate. As in the other cases cited by Plaintiff, *Musson* did not involve a suit over lost or damaged air cargo shipments. The plaintiff in *Musson* filed suit alleging "common law fraud" and "negligent misrepresentation" regarding FedEx's pricing for "FedEx Economy Two-Day Service". As explained in *Majors*, the key element that the suit must involve an interstate air cargo shipment.

> In *Wolens,* the Supreme Court clarified the importance of the ADA's preemption clause, recognizing that the ADA did not "channel into federal courts the business of resolving, pursuant to judicially fashioned federal common law, the range of contract claims relating to airlines rate, routes, or services." *Id.* at 230, 115 S.Ct. at 825. The Court went on to note that the ADA's preemption clause, "read together with the FAA's savings clause, stops States from imposing their own substantive standards with respect to rates, routes, or services, but not from affording relief to a party who claims and proves that an airline dishonors a term the airline itself stipulated." *Id.* at 232, 115 S.Ct. at 826. This discussion is not inconsistent with our narrow holding that a federal cause of action exists against an interstate air carrier that negligently loses a shipment.
>
> See *Majors* at 929, note 15.

The Plaintiff's Complaint clearly sets forth a claim arising from the loss or damage of air cargo goods in interstate transportation. This claim is governed by federal common law, which gives this court jurisdiction.

### III. CONCLUSION

No matter how Plaintiffs try to disguise their causes of action against FedEx, the fact remains that their suit evolves from a lost air cargo shipment. The overwhelming weight of legal authority supports the FedEx position that suits involving lost shipments of air cargo are governed by federal common law, thus giving this court federal question jurisdiction under 28 U.S.C. 1331. The cases cited by Plaintiff do not involve suits over lost or damaged air cargo shipments. The Second, Third, Fifth and Ninth Circuits have addressed the removal issue and all have held that removal is proper in lawsuits involving air cargo shipments. FedEx respectfully requests that this court deny Plaintiffs Motion to Remand and that their request for costs, fees and attorney fees be denied.

August 25, 2005                              Defendant Federal Express Corporation,
                                             By its attorney


                                             /s/ _____
                                             Rosario Mario F. Rizzo, Esq.
                                             B.B.O. #421610
                                             801 Main Street
                                             Concord, Massachusetts 01742-3313
                                             Telephone: (978) 371-2500
                                             Fax: (978) 371-1352
                                             E-mail: sarorizzo@aol.com


CERTIFICATE OF SERVICE

I hereby certify that on August 25, 2005 a true copy of the foregoing Memorandum of Law in Opposition to Plaintiff's Motion to Remand was served by first class mail, postage pre-paid, directed to the counsel for the Plaintiffs:

    Andrew D. Mazzone, Esq.
    259 Sidney Street
    Cambridge, MA 02139


                                             /s/ _____
                                             Rosario Mario F. Rizzo, Esq.